1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  Susanne B. Berg (SBN 236468)
   177 Post Street, Suite 600
6  San Francisco, CA 94108
   (415) 217-0000
7  (415) 738-2302 (Fax)
   berglaw@gmail.com (e-mail)
8
   ATTORNEYS FOR PLAINTIFF
9

10                  UNITED STATES DISTRICT COURT
11            FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                       SAN FRANCISCO DIVISION

13  ZENAIDA E. QUICHO, individually and on    Case No.:
    behalf of all others similarly situated,
14                                            **CLASS ACTION**
15           Plaintiff,
    v.                                        **COMPLAINT FOR VIOLATION OF THE
16                                            CALIFORNIA AND FEDERAL FAIR
    MANN BRACKEN, LLC; DOUG MANN;             DEBT COLLECTION PRACTICES ACT**
17  EDWARD REILLY,
                                              **DEMAND FOR JURY TRIAL**
18           Defendants.                /

19                          I. **INTRODUCTION**

20  1.    This action is brought as a class action by Plaintiff ZENAIDA QUICHO ("Ms.
21  Quicho") on behalf of herself and all others similarly situated, for statutory damages, attorney's
22  fees and costs, for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §
23  1692 et seq. ("FDCPA"), and the California Rosenthal Act, Cal. Civ. Code § 1788 et seq. ("CA
24  FDCPA").

25                    II. **JURISDICTION AND VENUE**

26  2.    This court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), and
27  28 U.S.C. §1331. Supplemental jurisdiction exists over the state law claims pursuant to 28

28  COMPLAINT FOR VIOLATION OF                      QUICHO V. MANN BRACKEN, LLC
    THE CALIFORNIA AND FEDERAL
    FAIR DEBT COLLECTION PRACTICES ACT        1

1 U.S.C. § 1367.

2. 3. Venue is proper in this county as all relevant events took place here.

### III. PARTIES

4. Plaintiff, ZENAIDA E. QUICHO is an individual who at all times relevant to this Complaint was a resident of San Mateo, California and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1788.2(e).

5. Defendant MANN BRACKEN, LLC ("Bracken") is a Georgia law firm whose business is that of consumer debt collection. Bracken's debt collection practices are subject to the FDCPA and CA FDCPA. Bracken's principal office is located at One Paces West, Suite 1400, 2727 Paces Ferry Road, Atlanta, Georgia 30339.

6. Defendant DOUG MANN ("Mann") is a managing officer of the Defendant Bracken. He establishes the collection strategy of the Defendant Bracken. Defendant Mann is described on the Mann Bracken, LLC, website under "Our Team," as follows:

> Doug has been the managing member of the firm for a number of years and has oversight responsibility for the operations of the collections and judgment-enforcement divisions.

7. Defendant Mann is a debt collector as defined by federal law at 15 U.S.C. § 1692a(6) and California state law at Cal. Civ. Code § 1788(c) and (g).

8. Defendant EDWARD REILLY ("Reilly") is the vice president of legal services of the Defendant Bracken. He establishes the collection strategy for Defendant Bracken. Defendant Reilly is described on the Mann Bracken, LLC, website under "Our Team," as follows:

> Ed is responsible for...management of a legal services team in both local and national portfolios.

9. Defendant Reilly is a debt collector as defined by federal law at 15 U.S.C. § 1692(6) and California state law at Cal. Civ. Code § 1788.2(c) and (g).

10. Defendants Mann and Reilly direct and control the collection strategy of the Defendant Bracken and are debt collectors subject to the FDCPA and CA FDCPA.

## IV. FACTUAL ALLEGATIONS

11. Defendants, on its law firm letterhead, sent an initial collection letter dated May 7, 2007 to Plaintiff in an attempt to collect a debt alleged to be due Chase Bank USA, N.A.. Exhibit A attached to the Complaint is a true and correct copy of the collection letter.

12. Defendants' validation notice stated in the collection letter, Exhibit A, is contradictory and confusing. In the caption of the letter, it recites:

"Name of creditor: Chase Bank USA, N.A.

The Defendants' collection notice, in the second paragraph, is contradictory and confusing as to the name of the creditor to whom the debt is owed. The second paragraph says:

> The original contract you entered into with Chase Bank USA, N.A. or with the predecessor or assignor of Chase Bank USA, N.A., provides for the resolution of claims or disputes by binding arbitration.

Defendant fails to identify the name of the creditor to whom the debt is owed, thereby violating 15 U.S.C. § 1692g(a)(2)..

13. In failing to identify the particular creditor, defendants also fail to identify the contract, if any, supporting a right to arbitration.

14. The signature line of the collection letter, Exhibit A, stated, "Sincerely, Mann Bracken, LLC," a representation that the letter is authored by attorneys at law.

15. Plaintiff alleges, on information and belief, that before the collection letter, Exhibit A to the Complaint, was sent to Ms. Quicho, the letter was not reviewed by an attorney to determine if Ms. Quicho was liable on the alleged debt, or subject to arbitration of the debt. Plaintiff further alleges, on information and belief, that no attorney had any direct personal involvement in the decision to send the collection letter to Ms. Quicho.

16. The sending of the generic form letter, Exhibit A, on law firm letterhead implying the file has been reviewed by an attorney, when the particular debt and purported contract have not been reviewed by an attorney, is conduct that is prohibited by 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(3), and 1692e(5).

## V. FIRST CAUSE OF ACTION
(Violation of the Federal FDCPA)

17. Plaintiff incorporates by reference each and every paragraph alleged above.

18. Defendants' collection letter, Exhibit A to the Complaint, violated 15 U.S.C. § 1692e(2)(A) by making false, deceptive and misleading representations as to the character, amount, or legal status of the debt, i.e., Defendants' entitlement to arbitration.

19. Defendants' collection letter, Exhibit A to the Complaint, violated 15 U.S.C. § 1692e(3) by falsely representing that the collection letter is from an attorney, as no attorney was directly and personally involved in reviewing Ms. Quicho's file and sending the collection letter to Ms. Quicho.

20. Defendants' collection letter, Exhibit A to the Complaint, violated 15 U.S.C. § 1692e(5) by threatening to arbitrate the claim, when the threat was of an action that cannot be legally taken.

21. Defendants' collection letter, Exhibit A to the Complaint, violated 15 U.S.C. §§ 1692e and 1692e(10) by the use of false and deceptive means to collect a debt, by failing to provide the validation notice required by 15 U.S.C. § 1692g..

## VI. SECOND CAUSE OF ACTION
(Violation of the CA FDCPA)

22. Plaintiff incorporates by reference each and every paragraph alleged herein.

23. Defendants' collection letter, Exhibit A, in each violation of the FDCPA as hereinabove alleged., also violated the CA FDCPA.

24. Defendants violate Cal. Civ. Code § 1788.13(c) by communicating with a debtor in the name of an attorney when no attorney has approved or authorized the communication.

## VII. CLASS ALLEGATIONS

25. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a debt incurred for personal, family, or household purposes

1 (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one year prior to the filing of this Complaint through the date of class certification.

26. The class is so numerous that joinder of all members is impractical.

27. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA and the CA FDCPA, as alleged in Plaintiff's First and Second Causes of Action herein.

28. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendant's records.

29. Plaintiff will fairly and adequately protect the interests of the class.

30. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

31. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of Exhibit A violates the FDCPA and CA FDCPA, as alleged above.

33. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and state law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA and CA FDCPA action is $2,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

35. As a result of Defendant's violations of the FDCPA and CA FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney's fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Zenaida Quicho, on behalf of herself and all others similarly situated, requests that judgment be entered in her favor and in favor of the class against Defendants, Doug Mann and Edward Reilly, individually, and Mann Bracken, LLC, for:

    A.    Certification of this matter as a class action;

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civ. Code § 1788.17;

    C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.17; and

    D.    For such other relief as the Court may find to be just and proper.

## IX. JURY DEMAND

Plaintiff Zenaida Quicho hereby demands that this case be tried before a jury.

Dated: 6-30-07

Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

Susanne B. Berg (SBN 236468)
177 Post Street, Suite 600
San Francisco, CA 94108
(415) 217-0000
(415) 738-2302 (Fax)
berglaw@gmail.com (e-mail)

ATTORNEYS FOR PLAINTIFF

# EXHIBIT A



MANN BRACKEN, LLC
ATTORNEYS AT LAW

| PRINCIPAL OFFICE: | MID ATLANTIC OFFICE: | CAROLINA OFFICE: | TENNESSEE OFFICE: | TEXAS OFFICE |
|---|---|---|---|---|
| ONE PACES WEST STE 1400 | 1953 GALLOWS RD STE 240 | 227 WEST TRADE ST, STE 1810 | 209 10TH AVE S, STE 532 | 5400 LBJ FREEWAY |
| 2727 PACES FERRY RD | VIENNA, VA 22182 | CHARLOTTE, NC 28202 | NASHVILLE, TN 37203 | 1540 ONE LINCOLN CNTR |
| ATLANTA, GA 30339 | MAIN (800) 506-7573 | MAIN (877) 899-2065 | MAIN (877) 275-8878 | DALLAS, TX 75240 |
| MAIN (888) 202-3439 | FAX (703) 288-4070 | FAX (704) 834-0589 | FAX (615) 296-9354 | MAIN (866) 763-7561 |
| FAX (678) 801-2355 | | | | FAX (972) 952-8501 |

May 7, 2007

**PERSONAL & CONFIDENTIAL**
Zenaida E Quicho
PO BOX 281012
SAN FRANCISCO, CA 94128

Name of Creditor: Chase Bank USA, N.A.
Account Number: 5401683017939650
Balance: $4027.06
Mann Bracken No.: 70269910

Dear Zenaida E Quicho :

The above referenced account has been referred to this firm for collection. The Balance above is the amount owed as of the date of this letter. Depending upon your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account. Therefore, the amount due on the date you pay may be greater. If you pay the Balance above and an additional payment is required for your account to be closed as paid in full, we will attempt to contact you again.

The original contract you entered into with Chase Bank USA, N.A. or with the predecessor or assignor of Chase Bank USA, N.A., provides for the resolution of claims or disputes by binding arbitration. If we are unable to reach satisfactory arrangements, the filing of an arbitration claim will be evaluated. If an arbitration award in favor of Chase Bank USA, N.A. is granted, we intend to pursue legal remedies available pursuant to the award. This firm practices law in DC, GA, MD, NC, SC, TN, TX, VA and WV. Accounts in other jurisdictions may be forwarded to an attorney licensed in that jurisdiction should a local attorney become necessary. This does not affect your rights set forth in this letter or any other rights you may have.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment if one exists and mail you a copy of such verification or judgment. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To discuss payment arrangements, please contact us at 1-800-817-3214

Sincerely,
MANN BRACKEN, LLC

**This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

ADL - 126 - 70269910

MANN BRACKEN, LLC
ATTORNEYS AT LAW
HOURS OF OPERATION:
MON - THURS 8:00AM – 9:00PM (EST)
FRI 8:00AM – 5:00PM (EST)
SAT 8:00AM – 12:00PM (EST)