STEPHEN H. TURNER, SB# 89627
　E-Mail: turner@lbbslaw.com
ALISHA M. LEE, SB# 219808
　E-Mail: alee@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants
MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZENAIDA E. QUICHO, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>　　　　Defendants. | CASE NO. C 07 3478 BZ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>[F.R.C.P. 12(b)(6)]<br><br>DATE:　September 19, 2007<br>TIME:　10:00 a.m.<br>DEPT.:　Courtroom "G" |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 19, 2007 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom "G" of the above-entitled Court, Defendants MANN BRACKEN, LLC, DOUG MANN and EDWARD REILLY (collectively, "Defendants") will and hereby do move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint in its entirety for failure to state a claim upon which relief can be granted. The motion will be made on the grounds that the letter attached as Exhibit "A" to Plaintiff's Complaint only contains truthful and accurate information concerning the

terms of an offer to settle a debt, and that as a matter of law, the letter does not amount to a "false, deceptive or misleading misrepresentation in connection with the collection of any debt" within the meaning of the Fair Debt Collection Practices Act. The Motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support of the Motion, upon all the records on file in this action, and upon such other and further evidence and argument as the Court may permit in connection with the Motion.

DATED: August 13, 2007

STEPHEN H. TURNER, Esq.
ALISHA M. LEE, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Alisha
Stephen H. Turner, Esq.
Alisha M. Lee, Esq.
Attorneys for Defendant
MANN BRACKEN, LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................. 3

II. ALLEGATIONS OF THE COMPLAINT ................................. 3

III. CONGRESS PASSED THE FDCPA TO ELIMINATE "ABUSIVE" COLLECTION PRACTICES ............................................... 4

IV. DEFENDANTS' COLLECTION LETTER DOES NOT FALSELY REPRESENT THAT THE COLLECTION LETTER WAS FROM AN ATTORNEY ............................................................. 6

    A. Defendants' Letter Was Not Signed By an Attorney .............. 6

    B. Defendants' Letter Did Not Misrepresent the Level of Attorney Involvement ................................................. 7

V. DEFENDANTS' LETTER CLEARLY IDENTIFIED THE NAME OF THE CREDITOR AND WAS NOT CONFUSING OR CONTRADICTORY AS TO THE IDENTITY OF THE CREDITOR .... 10

VI. DEFENDANTS DID NOT THREATEN LEGAL ACTION THAT CANNOT BE TAKEN ................................................... 12

VII. CONCLUSION. ........................................................... 13

# TABLE OF AUTHORITIES

**Federal Cases**                                                         **Page**

Baker v. GC Services Corp., 677 F.2d 775 (9th Cir. 1982) .................. 5

Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993) .................. 6, 9

Durkin v. Equifax Check Services, Inc., 406 F.3d 410 (7th Cir. 2005) .......... 11

Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004) .............. 11

Gervais v. Riddle and Associates, P.C., 479 F. Supp. 2d 270 (D.Conn. 2007) .... 11

Golerg v. Winston & Morrone, P.C., No. 95 Civ. 9282, 1997
   U.S. Dist. LEXIS 3521 (S.D.N.Y. 1997) .................. 10

Greco v. Trauner, Cohen and Thomas, L.L.P., 412 F.3d 360 (2nd Cir. 2005) .. 6, 7, 8

Mizrahi v. Miller & Malone, P.C. U.S. District Lexis 22145, 19
   (E.D.N.Y 1999) .................. 9, 10

Rumpler v. Phillips & Cohen Associates Ltd., 219 F. Supp. 2d 251
   (E.D.N.Y. 2002) .................. 6, 7

Sims v. GC Services, L.P., 445 F.3d 959 (7th Cir. 2006) .................. 11

Swanson v. Southern Morga Credit Service, 869 F.2d 1222, 1225 (9th Cir. 1999) ... 5


**Federal Statutes**

15 U.S.C. §16192g(a)(2) .................. 10

15 U.S.C. §1692 .................. 5

15 U.S.C. §1692(e) .................. 5

15 U.S.C. §1692d .................. 5

15 U.S.C. §1692e .................. 5

15 U.S.C. §1692e(2) .................. 4

15 U.S.C. §1692e(3) .................. 4, 6

15 U.S.C. §1692e(5) .................. 4, 12

F.R.C.P. 12(b)(6) .................. 1, 3, 13

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff, ZENAIDA E. QUICHO ("Plaintiff") essentially asks this Court to take the Federal Fair Debt Collection Practice Act ("FDCPA") and turn the entire statute upside down. Congress passed the FDCPA in an effort to eliminate abusive debt collection practices, including the use of "false, deceptive or misleading" representations by debt collectors, but Plaintiff seeks to hold Defendants MANN BRACKEN, LLC, DOUG MANN and EDWARD REILLY (collectively, "Defendants") liable under the Act based upon collection letters that contain only truthful and straightforward statements.

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and Defendants respectfully request, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that this Court issue an Order dismissing the Complaint, with prejudice.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff's entire case is based upon the contents of one collection letter that Defendants allegedly sent on May 7, 2007, which is attached as Exhibit "A" to the Complaint. Plaintiff contends that Defendants' letter is contradictory and confusing (Complaint, ¶ 12) and falsely implies that the debt in question has been reviewed by an attorney (despite the fact that <u>no attorney signed the letter and no attorney's name even appeared on the letter</u>) when, in fact, no attorney had. (Complaint, ¶¶ 14-16)

In the caption of the letter, it recites:

"Name of creditor: Chase Bank USA, N.A."

Plaintiff contends that Defendants' collection notice is contradictory and confusing because in the second paragraph Defendants state:

"The original contract you entered into with Chase Bank
USA, N.A. or with the predecessor or assignor of Chase

Bank USA, N.A., provides for the resolution of claims or disputes by binding arbitration." *(Complaint, ¶12.)*

With regard to the second allegation, plaintiff alleges that merely because the letter is on the letterhead of a law firm (which is not surprising because the letter was sent by law firm) it implies the debt in question has been reviewed by an attorney.

Based upon these allegations, Plaintiff makes two claims for relief. The first claim for relief, for violation of the Federal FDCPA, alleges that Defendants' collection letter, Exhibit "A" to the Complaint, did the following:

1. "[M]ade false, deceptive and misleading misrepresentations as to the character, amount, or legal status of the debt, i.e., Defendants' entitlement to arbitration" in violation of 15 U.S.C. §1692e(2)(A). *(Complaint, ¶18.)*

2. "[F]alsely represent[ed] that the collection letter is from an attorney, as no attorney was directly and personally involved in reviewing Ms. Quicho's file and sending the collection letter to Ms. Quicho" in violation of 15 U.S.C. §1692e(3). *(Complaint, ¶19.)*

3. "[T]hreatened to arbitrate the claim, when the threat was of an action that cannot be legally taken" in violation of 15 U.S.C. §1692e(5). *(Complaint, ¶20.)*

4. "[U]sed...false and deceptive means to collect a debt, by failing to provide the validation notice required by 15 U.S.C. §1692g." *(Complaint, ¶21.)*

The second claim for relief, for violation of the Rosenthal Act incorporates by reference each of those allegations, and alleges further that Defendants "communicat[ed] with a debtor in the name of an attorney when no attorney has approved or authorized the communication." *(Complaint, ¶24.)*

## III. CONGRESS PASSED THE FDCPA TO ELIMINATE "ABUSIVE" COLLECTION PRACTICES

In analyzing Plaintiff's claim, it is crucial to briefly review the reasons why Congress passed the FDCPA. The Act was not passed in an effort to prevent

-4-

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

dissemination of truthful and accurate information, or to discourage the settlement of valid debts. Rather, the statute was enacted based upon abundant evidence of the use of abusive, deceptive and unfair debt collection practices by debt collectors. See 15 U.S.C. §1692. The Act states that its purpose is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692e. Debt collectors are prohibited from using "any conduct the natural consequence of which is to harass, oppress or abuse any person" while collecting debts, threats of violence, the use of obscene language and other acts of willful conduct are prohibited. See 15 U.S.C. §1692d.

The Ninth Circuit has noted that the "Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." See Baker v. GC Services Corp., 677 F.2d 775, 777 (9th Cir. 1982). The legislative history of the Act makes it clear that "Congress designed the Federal Act to eliminate the recurring problem of debt collectors lending to the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 2d.Sess. 4, reprinted in1977 U.S. Code Cong. & Admin. News 1695, 1699. See also Swanson v. Southern Morgan Credit Service, 869 F.2d 1222, 1225 (9th Cir. 1999).

Importantly, Congress also specified that the Act was designed to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." See 15 U.S.C. §1692(e).

In short, the FDCPA was designed to address the very serious problem caused by debt collectors who resort to harassment, abuse, oppression, deception or false or misleading misrepresentations in connection with their collection efforts. Defendants respectfully suggest that it is important to keep the goals of Congress in mind when evaluating the accurate and extremely innocuous settlement letter that gives rise to this suit.

/ / /
/ / /

## IV. DEFENDANTS' COLLECTION LETTER DOES NOT FALSELY REPRESENT THAT THE COLLECTION LETTER WAS FROM AN ATTORNEY

### A. Defendants' Letter Was Not Signed By an Attorney

Plaintiff contends that "Defendants' collection letter, Exhibit A to the Complaint, violated 15 U.S.C. § 1692e(3) by falsely representing that the collection letter is from an attorney, as no attorney was directly and personally involved in reviewing Ms. Quicho's file and sending the collection letter to Ms. Quicho." *Complaint*, ¶19. Plaintiff contends that the least sophisticated consumer would believe the notice letter at issue came from an attorney because the letter was sent "on law firm letterhead implying the file has been reviewed by an attorney." *Complaint*, ¶16.

The FDCPA does not extend to every bizarre or idiosyncratic interpretation of a collection notice, but does reach a reasonable interpretation of a notice by even the least sophisticated consumer. Clomon v. Jackson, 988 F.2d 1314, 1319 (2nd Cir. 1993). Moreover, even the least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Greco v. Trauner, Cohen and Thomas, L.L.P., 412 F.3d 360, 363 (2nd Cir. 2005).

Based solely upon the fact that Defendants sent (not surprisingly) letters on its letterhead (again, not surprisingly) Plaintiff alleges that Defendants violated 15 U.S.C. §1692e(3) because Defendants made the false, deceptive and misleading misrepresentation that the letter was from an attorney. The obvious flaw in Plaintiff's argument is that ***the letters do not so state!*** As a matter of law, the fact that a law firm sends letters on its letterhead does not, in and of itself, constitute a violation of the FDCPA.

Courts have held that notices printed on law firm letterhead are not deceiving, even if they were also signed by an attorney. Rumpler v. Phillips & Cohen

Associates Ltd., 219 F.Supp.2d 251, 257 (E.D.N.Y. 2002). In <u>Rumpler</u>, the Court held that the least sophisticated consumer would not be deceived by a collection letter that was on law firm letterhead ("Phillips & Cohen Associates, Ltd.") and was signed by an attorney "Adam S. Cohen, Esq., Executive Vice President." The court found that the use of the title "Executive Vice President," coupled with the fact that the notice did not say "Attorney-at-Law" or "General Counsel," made the notice non-deceiving. <u>Id.</u>

Under <u>Rumpler</u>, it is obvious that the instant letter was not deceiving, because the instant letter was <u>not signed by an attorney</u>. Indeed, it was not signed by anyone bur, rather, on bore the "MANN BRACKEN LLC." Because there was no attorney signature on the letter, the least sophisticated consumer could not reasonably interpret the letter as having been issued by an attorney.

**B.  <u>Defendants' Letter Did Not Misrepresent the Level of Attorney Involvement</u>**

The decision in <u>Greco v. Trauner, Cohn & Thomas, L.L.P.</u>, 412 F.3d 360 (2nd Cir. 2005) is on point because the <u>Greco</u> plaintiff made the same claim as Plaintiff in the instant action, to wit: "an attorney cannot send a collection letter without being meaningfully involved as an attorney within the collection process." <u>Id.</u> at 363. The Court rejected the <u>Greco</u> plaintiff's claim, noting that it "rests on a misunderstanding of the FDCPA's requirements, and of our prior explications of that statute. Although, a collector cannot, consistent with FDCPA, *mislead* the debtor regarding meaningful 'attorney' involvement in the debt collection process,." <u>Id.</u> at 364, the Court continued:

> "In fact, attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is *not misleading*. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being

meaningfully involved as an attorney within the collection process, so long as that letter includes *disclaimers* that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." Id..

In Greco, the Court found that there was no violation because "[t]he letter was not signed by any individual attorney" and included language that the law office represented the creditor and that no attorney with the firm had personally reviewed the particular circumstances of the account. Id. at 362, 365. The Court found that the letter was not false and deceptive, and that defendants had not used any "false, deceptive or misleading representation or means of connection with the collection of any debt (15 U.S.C. § 1692e, including the "false representation or implication that any individual is an attorney or that any communication is from an attorney." (15 U.S.C. § 1692e(2)).

Just as in Greco, the language used by Defendants does not, as a matter of law, misrepresent the level of attorney involvement. The instant notice clearly states that it is from a debt collector, not an attorney: **"This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose."** [emphasis added] In this case, the letter clearly does not represent to have been from an attorney, and thus there is no false implication that an attorney formed an opinion or was meaningfully involved.

Plaintiff alleges that the letter was false, deceptive and misleading because it implied it was from an attorney when, in fact no attorney had any meaningful involvement in reviewing Plaintiff's file or discussing resolution of the matter. *Complaint,* ¶ 19. The disputed language states:

"The above referenced account has been referred to this firm for collection.... If we are unable to reach satisfactory

arrangements, the filing of an arbitration claim will be evaluated."

First, Defendants note that no court throughout the country has held that a letter which truthfully represents that a law firm has been retained to collect a debt, and does not represent to be signed by an attorney, is, by itself, a violation of the FDCPA. This absence of authority, in and of itself, mandates that Defendants' motion be granted.

In fact, a court has ruled that a letter which is, in substance, the same as the letters in question in this case, did *not* violate the FDCPA. In <u>Mizrahi v. Miller & Malone, P.C.</u> U.S. District Lexis 22145, 19 (E.D.N.Y 1999), the District Court there ruled that a letter which bore the mechanical signature of an attorney did not violate the FDCPA. In rejecting Plaintiff's citation of <u>Clomon v. Jackson</u> 988 F.2d 1314 (2nd Cir. 1993), the Court noted that the letter was on the firm's own letterhead (as is the case with the letter upon which Plaintiff's Complaint is based). The Court went on to note that:

> "Nor is the language in the letter sent by Miller & Malone of the kind that could suggest that an attorney had individually reviewed the file. . . The letter that Plaintiff received in this case merely states that Miller & Malone represents NYHQ, which is a true statement and that 'legal action may follow if you fail to respond,' another statement proven to be accurate since the computer record reflects that Miller & Malone was prepared to sue." <u>Mizrahi</u>, *supra*.

The Court further noted:

> "There is no language that implies that the attorney personally reviews every file completely. The letter simply states that 'This office represents the client,' and this statement allows for use of legal assistance without violating

§ 1692e(3). Mizrahi, 1999 U.S. Dist. Lexis 22145 at p. 15.[1]

Admittedly, the decision in Mizrahi and the authority upon which that decision was based is, obviously, not controlling, but it is instructive. In this case, Defendants *never* represented that the letter was from an attorney. Rather, it simply stated, truthfully, that Mann Bracken, LLC had been retained. Further, unlike the letter in Mizrahi, the letter in the instant case was *not signed by anyone*, much less an attorney.

Plaintiff has pled no facts to support her claim that Defendants falsely misrepresented that the letter was from an attorney and therefore her claim must fail.

## V. **DEFENDANTS' LETTER CLEARLY IDENTIFIED THE NAME OF THE CREDITOR AND WAS NOT CONFUSING OR CONTRADICTORY AS TO THE IDENTITY OF THE CREDITOR**

The FDCPA requires debt collectors to send consumers a written validation notice containing certain information within five days of the initial communication, including "the name of the creditor to whom the debt is owed." *See* 15 U.S.C. §16192g(a)(2).

Plaintiff has *no basis for her contention* that "defendant fails to identify the name of the creditor to whom the debt is owed, thereby violating 15 U.S.C. § 1692g(a)(2). *Complaint,* ¶12. The caption of Defendants' letter clearly states: "*Name of creditor:* Chase Bank USA, N.A." [emphasis added] The letter clearly and unequivocally identifies Chase Bank USA, N.A. as the creditor. The identification of the creditor was not obscured or hidden. On the contrary, it appeared in the *caption* of the letter, which made for easy viewing by Plaintiff.

The validation notice required by the FDCPA must be presented in a non-

---

[1] The Court cited Golerg v. Winston & Morrone, P.C. No. 95 Civ. 9282, 1997 U.S. Dist. Lexis 3521 at 20 (S.D.N.Y. 1997) which noted the absence of "any authority that is misleading for a non-attorney law firm employee to do the work of 'the firm.'" In addition the Court in Mizrahi cited Danielson v. Hicks, U.S.Dist. Lexis 2221, 94 Civ. 1052 (1995 W.L. 767290 (D. Minn. 1995) which ruled that it was not false or misleading under § 1692e(3) when a "dunning letter came from a paralegal rather than an attorney."

confusing manner, and is evaluated from the perspective of the unsophisticated debtor. <u>Sims v. GC Services, L.P.</u>, 445 F.3d 959, 964 (7th Cir. 2006). "A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." <u>Gervais v. Riddle and Associates, P.C.</u>, 479 F.Supp.2d 270, 277 (D.Conn. 2007).

As discussed above, Defendants' identification in the caption of Chase Bank USA, N.A. as the creditor could not have been more clear. In fact, this is the first language Plaintiff would have seen after reading her own name and address.

For purposes of reviewing a collection letter for compliance with the validation notice requirements of the FDCPA, the hypothetical unsophisticated debtor is regarded as "uninformed, naive, or trusting, but ***nonetheless is considered to have a rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences***." <u>Id.</u>, quoting <u>Fields v. Wilber Law Firm, P.C.</u>, 383 F.3D 562, 564 (7th Cir. 2004). [emphasis added]

Further, the unsophisticated debtor standard is an objective one, meaning that "a collection letter ***cannot be confusing as a matter of law or fact 'unless a significant fraction of the population would be similarly misled.'***" <u>Sims v. GC Services, L.P.</u>, 445 F.3d 959, 964 (7th Cir. 2006), quoting <u>Durkin v. Equifax Check Services, Inc.</u>, 406 F.3d 410, 414-15 (7th Cir. 2005).

Incredibly, Plaintiff claims that the second paragraph of Defendants' letter confused her as to the identity of the creditor. The second paragraph reads:

> "The original contract you entered into with Chase Bank USA, N.A. or with the predecessor or assignor of Chase Bank USA, N.A., provides for the resolution of claims or disputes by binding arbitration."

This language pertains to the arbitration clause, and has nothing to do with the

creditor to whom the debt is owed. This language does not change or alter the fact that "Chase Bank USA, N.A." was clearly identified as the creditor at the outset of the letter. Simply put, Defendants' collection notice is not contradictory or confusing as to the name of the creditor to whom the debt is owed.

## VI. DEFENDANTS DID NOT THREATEN LEGAL ACTION THAT CANNOT BE TAKEN

Plaintiff alleges that Defendants threatened legal action that could not be taken in violation of 15 U.S.C. §1692e(5). *Complaint*, ¶20. Plaintiff does not, and cannot, cite to language in Defendants' letter which supports her claim.

The letter completely supports Defendants' position and provides: "If we are unable to reach satisfactory arrangements, the *filing of an arbitration claim will be evaluated*. If an arbitration award in favor of Chase Bank USA, N.A. is granted, we intend to pursue legal remedies available pursuant to the award." [emphasis added] Defendants never represented that litigation was imminent. On the contrary, the language clearly states that Defendants "[*would*] *evaluate*" the *possibility* of filing an arbitration claim - *if and only if* Defendants were not able to resolve the debt with Plaintiff. It is further obvious that no litigation was imminent because Plaintiff was given "30 days after receiving this notice" to "dispute the validity of this debt." In other words, no litigation would be initiated unless it was determined that Defendants were unable to resolve the debt with Plaintiff.

Similarly, Plaintiff's contention in this case that Defendants could not have taken any legal action in California is equally unpersuasive. Had Defendants decided to take any legal action in California, they could have retained local counsel to pursue the debt in California. The fact that Defendants are not licensed to practice in California does not indicate that Defendant threatened legal action that could not be taken in violation of 15 U.S.C. §1692e(5). Accordingly, Plaintiff's claim must fail.

## VII. CONCLUSION.

It would be a bizarre result indeed if, by communicating truthful and accurate information to the debtor in an attempt to settle a debt for less than the amount due, Defendants could be held liable for using a false, deceptive and misleading communication or means to collect a debt.

Under Plaintiff's theory, honest debt collectors like Defendants, who are willing to accept less than full payment, would be discouraged from transmitting accurate information about settlement to debtors. Plaintiff's theory undermines settlements and conflicts with the very purpose of the FDCPA. Therefore, it must be rejected.

It would be equally bizarre if Defendants could be held liable for sending a letter on its letterhead, which was not signed by an attorney, and did not purport to be from an attorney. Not only would such a result be bizarre, but it would be contrary to the FDCPA and all applicable legal precedent.

Defendants respectfully request that this Court issue an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint, with prejudice, for failure to state a claim upon which relief may be granted.

DATED: August 13, 2007

STEPHEN H. TURNER, Esq.
ALISHA M. LEE, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Stephen H. Turner, Esq.
Alisha M. Lee, Esq.
Attorneys for Defendant
MANN BRACKEN, LLC

## CERTIFICATE OF SERVICE

*Zenaida E. Quicho vs. Mann Bracken, LLC, et al.*
U.S.D.C. Case No. CASE NO. C 07 3478 BZ

I certify that on the 13th day of August, 2007, I electronically transmitted the foregoing document **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Irving L. Berg, Esq.
**THE BERG LAW GROUP**
145 Town Center, PMB 493
Corte Madera, California 94925
Ph: (415) 924-0742
Fax: (415) 891-8208
*ATTORNEYS FOR PLAINTIFF*

Susanne B. Berg, Esq.
177 Post Street, Suite 600
San Francisco, California 94108
Ph: (415) 217-0000
Fax: (415) 738-2302
*ATTORNEYS FOR PLAINTIFF*

By:   /s/ Lupe Mireles

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZENAIDA E. QUICHO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>Defendants. | CASE NO. C 07 3478 BZ<br><br>[PROPOSED] ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>[F.R.C.P. Rule 12(b)(6)] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The motion of Defendants MANN BRACKEN, LLC, DOUG MANN and EDWARD REILLY (collectively, "Defendants") for an Order dismissing the Complaint of Plaintiff ZENAIDA E. QUICHO ("Plaintiff") with prejudice pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), came on regularly for hearing on September 19, 2007, at 10:00 a.m. in Courtroom "G" of the above-entitled Court.

After full consideration of the evidence, points and authorities submitted by the parties, and oral arguments at the hearing, the Court finds that Plaintiff ZENAIDA E. QUICHO has failed to state a claim upon which relief can be granted. F.R.C.P. Rule

12(b)(6).

**IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, filed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), is GRANTED.

2. Plaintiff's Complaint is dismissed with prejudice pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

DATED: _____        _____
                                Honorable Bernard Zimmerman


## CERTIFICATE OF SERVICE

*Zenaida E. Quicho vs. Mann Bracken, LLC, et al.*
U.S.D.C. Case No. CASE NO. C 07 3478 BZ

I certify that on the 13th day of August, 2007, I electronically transmitted the foregoing document **[PROPOSED] ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Irving L. Berg, Esq.
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
Ph: (415) 924-0742
Fax: (415) 891-8208
*ATTORNEYS FOR PLAINTIFF*

Susanne B. Berg, Esq.
177 Post Street, Suite 600
San Francisco, California 94108
Ph: (415) 217-0000
Fax: (415) 738-2302
*ATTORNEYS FOR PLAINTIFF*

By:    /s/ Lupe Mireles