Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZENAIDA E. QUICHO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>Defendants.<br>_____/ | Case No.  C 07 3478 BZ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S 12(B)(6) MOTION**<br><br>Date:     September 19, 2007<br>Time:    10:00 a.m.<br>Dept:    Courtroom G<br>Judge:   Hon. Bernard Zimmerman, Magistrate Judge |

I.  **INTRODUCTION**

Exhibit A attached to the Complaint is a collection letter sent to Plaintiff and the putative class.  The letter violates the FDCPA in three respects: (1) It is sent by attorneys, though no attorney has made a professional judgment that the debtor is delinquent and is a candidate for legal action. (2) The collection letter, Exhibit A, fails to explicitly identify the creditor to whom the debt is owed is confusing and contradictory.  (3) The collection letter, Exhibit A, threatens to arbitrate the debt if not paid, though Defendants have no facts to support an arbitration procedure.

The FDCPA, in general, prohibits sending collection letters that are false, deceptive, and misleading (15 U.S.C. § 1692e), and particularly prohibits sending collection letters that

represent the letter is being sent by an attorney when no attorney has had any meaningful professional involvement in reviewing the validity of the claim and authorizing the sending of the letter (15 U.S.C. § 1692e(3)).  Additionally, the FDCPA prohibits threatening legal action without a basis for the threat (15 U.S.C. § 1692e(5)).  Threatening to arbitrate a claim when Defendant has no legal support for such an act is violative of the FDCPA.  Further, the creditor making a claim must be explicitly identified.  The FDCPA requires a collection letter to state the name of the creditor to whom the debt is owed (15 U.S.C. § 1692g(a)(2)).  Stating the name in a confusing and contradictory manner fails to comply with the debt validation requirements of 15 U.S.C. § 1692g, and in particular, 15 U.S.C. § 1692g(a)(2).

Violation of any one provision of the FDCPA is sufficient to establish liability.  Defendants have violated all three provisions.  Their conduct makes them liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## II.    STATEMENT OF FACTS

Defendant's collection letter, Exhibit A, was sent to Plaintiff to collect a consumer debt.  Defendant's letterhead describes Defendant thusly:

> **MANN BRACKEN, LLC**
> **ATTORNEYS AT LAW**

The first sentence of the letter states:

> **The above-referenced account has been referred to this firm for collection.**

The collection letter, in the third paragraph, states:

> **This firm practices law in the District of Columbia, Georgia, Maryland, North Carolina, South Carolina, Tennessee, Texas, Virginia.  Accounts in other jurisdictions may be forwarded to an attorney licensed in that jurisdiction, should a local attorney become necessary.**

The signature line is signed thusly:

> **Sincerely,**
> **MANN BRACKEN, LLC**

The bottom of the letter below the California Rosenthal notice states:

> **Mann Bracken LLC**
> **Attorneys at Law**
> **Hours of operation....**

Exhibit A is a form letter from inspection of the type style and the form number "ADL 126 FO269910" at the lower right corner of the letter.

Receipt of the letter by Plaintiff is alleged at Paragraph 11 of the Complaint. A true and correct copy of the letter, <u>Exhibit A</u>, is attached to the Complaint, as alleged at Paragraph 11 of the Complaint.

Plaintiff alleges, at Paragraphs 15 and 16 of the Complaint, that prior to sending the collection letter to Plaintiff, (1) no attorney reviewed the letter's application to Plaintiff, (2) no attorney determined Plaintiff's liability for the debt, and (3) no attorney determined that Plaintiff's debt was subject to arbitration.

On the facts set forth hereto and the statement of law to follow, Plaintiff has alleged a viable cause of action against Defendants, and the Court must deny Defendant's 12(b)(6) motion.

### III. ARGUMENT

#### A. THE COURT CONSIDERS A MOTION UNDER 12(b)(6) UNDER WELL-ESTABLISHED RULES.

When deciding a motion to dismiss, a district court must accept the facts alleged in the complaint as true. *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L. Ed.2d 90 (1974). When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), " ... all allegations of material fact are taken as true and are construed in the light most favorable to Plaintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Generally, the complaint should not be dismissed unless it appears that Plaintiff can prove no set of facts that would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957).

Plaintiff Zenaida Quicho has set forth facts in the complaint which must be accepted as true for the purpose of deciding Defendants' Motion to Dismiss.

### B.    THE STRUCTURE OF THE FDCPA

The purpose of the FDCPA is to " protect consumers from a host of unfair harassing and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 382, 95th Cong. 1st Sess. 1-2 reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1696.  The FDCPA does this primarily by regulating the manner and timing of debt collector's contacts with alleged debtors and others.  Also, the Act prohibits debt collectors from using false, deceptive and misleading representations in debt collections, including the false representation that a communication is from an attorney,  15 U.S.C. § 1692e(3).  *Clomon v. Jackson*, 998 F. 2d 1314, 1320 (2d Cir. 1993).  The Act contains a civil enforcement mechanism which provides that any debt collector who fails to comply with any provision of the Act with respect to any such person is liable to such person.  15 U.S.C. § 1692k. Strict adherence to the Act's explicit terms are required.  *Baker v. GC Services, Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

### C.    THE COLLECTOR'S LETTER IS ANALYZED FROM THE PERSPECTIVE OF THE LEAST SOPHISTICATED CONSUMER.

The Supreme Court as far back as 1937, stated:

> The fact that a false  statement  may be obviously false to those who are  trained and  experienced  does not change its character nor take away its  power to deceive others less experienced.

*Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116; 58 S.Ct. 113, 115; 82 L. Ed. 141 (1937).

The Ninth Circuit Court rule is that a collection letter is analyzed from the prospective of the " least sophisticated consumer." " [W]e evaluate the  threatened conduct . . . under the least sophisticated consumer standard.  Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225;  Also, see *Terran v. Kaplan*, 109 F.3d 1428, 1431-32, (9th Cir. 1997);  *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F.3d 1055 (9th Cir. 2002).

A collection letter from an attorney, analyzed from the perspective of the least

sophisticated consumer is false, deceptive and misleading where there has been no professional review of the claim against the consumer. *Avila v. Rubin*, 84 F.3d 228 (7th Cir. 1996); *Clomon v. Jackson, supra*.

**D.  AN ATTORNEY SENDING COLLECTION LETTERS MUST HAVE A MEANINGFUL PROFESSIONAL INVOLVEMENT IN THE DECISION TO SEND THE LETTERS.**

The general prohibition against false, deceptive, and misleading representations is 15 U.S.C. § 1692e, which states:

> **False or misleading representations**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

The specific prohibition against false or misleading representations by attorneys is set forth at 15 U.S.C. § 1692e(3), which states:

> **. . .the following conduct is a violation of this section:**
> **(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.**

Almost all courts have found debt collection attorneys liable for sending collection letters without any meaningful professional involvement in sending of the collection letters without having made a meaningful review of the account.

In the seminal case of *Clomon v. Jackson*, *supra*, the principal is established that an attorney sending dunning letters must be directly and personally involved in mailing of the letters, which includes reviewing the file of the individual debtors.

The *Clomon* decision was followed by the Seventh Circuit Court's 1996 decision in the case of *Avila v. Rubin*, *supra*, at 222, 226, where it stated:

> **A letter from an attorney implies that a real lawyer, acting like a lawyer usually acts, directly controlled or supervised the process through which the letter was sent. That's the essence of the connotation that accompanies the title of "attorney." A debt collection letter on an attorney's letterhead conveys authority. Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency. It is reasonable to believe that a dunning letter from an attorney threatening legal action will be more effective in collecting a debt than a letter from a collection agency. The attorney letter implies that the attorney has reached a**

> **considered, professional judgment that the debtor is delinquent and is a candidate for legal action. And the letter also implies that the attorney has some personal involvement in the decision to send the letter. Thus, if a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word "attorney" in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file. Any other result would sanction the wholesale licensing of an attorney's name for commercial purposes, in derogation of professional standards: . . . .**

The *Avila* decision, supra, was followed by *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002). The *Nielsen* court held that an attorney's cursory information about an individual's credit was insufficient to make a legal judgment that there was a legitimate claim to pursue. The court set forth factors showing lack of attorney involvement:

The decisions in the Ninth Circuit district courts are in accord with the prevailing circuit court decisions. See *Masuda v. Thomas Richards & Co., 759 F.Supp.* 1456 (C.D. Cal. 1991), *Marchant v. U. S. Collection West, Inc.*, 12 F.Supp.2d 1001 (D. Ariz. 1998), *Newman v. Checkrite California, Inc.*, 912 F.Supp. 1354 (E.D. Cal. 1995).

Defendant's argument is that, since no attorney signed the letter, it is "obvious that the instant letter was not deceiving, because the instant letter was not signed by an attorney. Indeed, it was not signed by anyone bur [sic] rather on [sic] bore the "Mann Bracken LLC," because there was no attorney signature on the letter, the least sophisticated consumer could not reasonably interpret the letter as having been issued by an attorney." [Mot. 7:9-12).

The Defendant's letter is replete with reference to the author's status as a law firm, in addition to signing the letter "Mann Bracken, LLC." For this letter to be viewed as other than coming from an attorney's law firm would be bizarre.

Debt collection attorneys have been given a limited safe haven in the 2nd circuit decision in *Greco v. Trauner, Cohen and Thomas, L.L.P.*, 412 F.3d 360 (Ind. 2005). The court allowed the attorney to issue a disclaimer "that the law firm or attorney sending the letter is <u>not</u>, at the time of the letter's transmission, acting as an attorney [emphasis added] and . . .that no attorney with the firm had personally reviewed the particular circumstances of the account." [Mot. 8:1-

10).

Though the Defendant quotes from *Greco*, *id.*, there is nothing in the Defendant's letter that satisfies the disclaimer requirement made by the *Greco* court.

The letter sent by Defendant is false, deceptive, and misleading as to attorney involvement. It is simply a form letter sent without any meaningful involvement by an attorney, and sent by the debt collection attorneys to scare the consumer,

> "**. . . which escalates from the collection agency which might not strike fear in the heart of the consumer, to the attorney who is better positioned to get the debtor's knees knocking.**"

See *Avila, supra*, 229.

The facts and law support a finding that Plaintiff has alleged a viable claim against Defendants and their 12(b)(6) motion must be denied.

### E.   THE STATUTE MANDATES THAT A VALIDATION NOTICE PROVIDE THE NAME OF THE CREDITOR.

<u>Exhibit A</u> is the initial letter sent to Plaintiff. Defendant is required to provide in the initial collection letter the validation notice required by 15 U.S.C. § 1692g. The notice must be effectively communicated. It cannot be presented in a confusing manner.

The standard for evaluating a collection letter is from the eyes of the least sophisticated consumer. *Baker v. G. C. Services*, *supra*.

The Defendant's reference, in <u>Exhibit A</u>, to the creditor for whom it is collecting is confusing and contradictory. In the caption of the letter, the name of the creditor is stated as: Chase Bank, USA, N.A. The letter, at ¶ 1, states:

> **Depending upon *your account agreement with the creditor*, interest, late charges, and *other charges may continue to accrue.***
> [Emphasis added.]

Who is the creditor with whom Plaintiff has an account agreement?[1]

What are the rights of the named creditor, the original creditor, or the predecessors and

---

[1] Paragraph 2 creates additional confusion when it states: "**The original contract you entered into with Chase Bank USA, N.A. or with the predecessor or assignor of Chase Bank USA, N.A. provides for the resolution of claims or dispute by binding arbitration.**"

assignees, as to validity, if any, to its right of arbitrating?

Defendant's collection letter is confusing as to the name of the creditor(s), the creditor's rights to arbitration, and the party to whom dispute of the debt must be made. The 12(b)(6) motion should be denied.

### F. PROOF OF DEFENDANTS' ALLEGED RIGHT TO ARBITRATION REQUIRES EVIDENCE WHICH IS NOT REVIEWED AT A 12(B)(6) HEARING OR WHICH HAS BEEN OFFERED BY DEFENDANT.

The Defendant's threat, in its collection letter, Exhibit A, is misleading and deceptive. On one hand, Defendant states:

> **If we are unable to reach a satisfactory arrangement, the filing of an arbitration claim will be evaluated.**

The letter then goes on to assume that arbitration will be undertaken and states:

> **If an arbitration award in favor of Chase Bank USA, N.A. is granted, we intend to pursue legal remedies pursuant to the award.**

Defendant, in its collection letter, Exhibit A, makes a threat of legal action, though it has no basis on which to make the threat. Defendant states that a contract entered into by Plaintiff, but which Defendant is unable to identify, allows Defendant to invoke an arbitration provision. Exhibit A states:

> **The original contract you entered into with Chase Bank USA, N.A., or with the predecessors or assignors of Chase Bank, provides for resolution of claims or disputes by binding arbitration.**

Defendant, however, is unable to identify in the collection letter either the contracting party or a provision for arbitration. Whether a provision to invoke arbitration actually exists is unknown to Defendant and not discernable by Plaintiff.

The threat of arbitration is a veiled threat of legal action which is not intended to be taken, or which cannot be taken. Defendant, by its statement, admits it has not reviewed any agreement made by Plaintiff with the noted creditor or predecessor parties. Defendant knows not whether Plaintiff has entered into an agreement providing for arbitration. Since Plaintiff's account has not been reviewed meaningfully, if at all, before the collection letter was sent, the threat is both a violation of 15 U.S.C. § 1692e, i.e., is false, deceptive, and misleading, and 15

U.S.C. § 1692e(5), i.e., is a threat "to take any action that cannot legally be taken or that is not intended to be taken."

In addition to the Defendant's inability to rely on an arbitration provision in any of the alleged contracts, Defendant seeks to exculpate itself from falsely implying such an arbitration provision exists by stating that "the filing of an arbitration claim will be evaluated if Defendant is unable to reach satisfactory arrangements with the Plaintiff."

The Ninth Circuit recognized that some debt collectors couch threatened action in language that misleads some debtors as to what the debt collector could legally do.  In *Swanson v. Southern Credit Services, Inc.*, 869 F.2d 1222 (9th Cir. 1988), the court stated:

> **We conclude. . .that the least sophisticated debtor standard does apply to an allegation that a debt collector made a "threat to take any action that cannot legally be taken." 15 U.S.C. § 1692e(5).  Otherwise, a debt collector could couch threatened action in language that misleads some debtors as to what the debt collector could legally do.  Allowing such "misleading" threats would run counter to the plain language of § 1692e.**

Likewise, in *Baker v. C. G. Services, supra,* the Ninth Circuit stated:

> **The district court found that the language of the notice "create(d) the impression that legal action by defendant is a real possibility . . . (and) a consumer could legitimately believe that 'further collection procedures' meant court action when defendant had no intention of pursuing such a course of action."  This determination, that appellant threatened to take action that it did not intend to take, is factual. . . .**

Defendants here, though threatening arbitration, have no knowledge as to what arbitration agreement, if any, Plaintiff signed.

The FDCPA is a strict liability statute.  A debt collector is liable for deviation from the FDCPA requirements, without regard to intent or knowledge.  *Irwin v. Mascott*, 94 F.Supp.2d 1052 (N.D. Cal. 2000).

Defendant's threat of arbitration is deceptive and misleading, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(5).

The court should deny Defendant's 12(b)(6) motion.

IV. **CONCLUSION**

In consideration of the facts and law set forth above, the court must deny Defendant's 12(b)(6) motion.

Dated:  August 25, 2007                                 Respectfully submitted,


                                                        __/s/_____
                                                        Irving L. Berg
                                                        THE BERG LAW GROUP
                                                        145 Town Center, PMB 493
                                                        Corte Madera, CA 94925
                                                        (415) 924-0742
                                                        Facsimile (415) 891-8208