STEPHEN H. TURNER, SB# 89627
  E-Mail: turner@lbbslaw.com
ALISHA M. LEE, SB# 219808
  E-Mail: alee@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants
MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZENAIDA E. QUICHO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>Defendants. | CASE NO. C 07 3478 BZ<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>[F.R.C.P. 12(b)(6)]<br><br>DATE: September 19, 2007<br>TIME: 10:00 a.m.<br>DEPT.: Courtroom "G" |

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Plaintiff's Opposition is based upon several erroneous allegations, all of which are contradicted by Defendants' collection letter itself (<u>Exhibit A</u> to the Complaint).[1] The following is self-evident from Defendants' collection letter - that it was not signed by an attorney; that it clearly identified the name of the creditor in the caption of the letter; and that it did not threaten any legal action, much less arbitration. Thus,

---

[1] When determining the sufficiency of the allegation, the Court may consider the Exhibits to a Complaint. <u>Hal Roach Studios v. Richard Finer & Co.</u>, 896 F.2d 1542, 1555 (9th Cir. 1990).

4817-3861-1969.1
-1-

the motion must be granted and plaintiff's Complaint must be dismissed with prejudice.

## II. DEFENDANTS NEVER REPRESENTED THAT ANY LETTER SENT TO PLAINTIFF WAS FROM AN ATTORNEY

### A. Defendants' Letter Was Not Signed By an Attorney

Plaintiff contends that "Defendants' collection letter, Exhibit A to the Complaint, violated 15 U.S.C. § 1692e(3) by falsely representing that the collection letter is from an attorney...." *Complaint*, ¶19.

Plaintiff did not, and cannot refute the well-established law that **a collection letter printed on law firm letterhead is not deceiving, even if it was also signed by an attorney.** Rumpler v. Phillips & Cohen Associates Ltd., 219 F.Supp.2d 251, 257 (E.D.N.Y. 2002) [collection letter that was on law firm letterhead ("Phillips & Cohen Associates, Ltd.") and was signed by an attorney "Adam S. Cohen, Esq., Executive Vice President") was not deceptive]; Mizrahi v. Miller & Malone, P.C. U.S. District Lexis 22145, 19 (E.D.N.Y 1999) (collection letter that was on law firm letterhead and which bore the mechanical signature of an attorney was not deceptive). [emphasis added]

Under Rumpler and Mizrahi, it is obvious that the instant letter was not deceptive, because it was **not signed by an attorney.** Indeed, it was not signed by any individual, but rather, bore the signature line "MANN BRACKEN LLC." Because there was no attorney signature on the letter, the least sophisticated consumer could not reasonably interpret the letter as having been issued by an attorney.

The FDCPA does not extend to every bizarre or idiosyncratic interpretation of a collection notice, but does reach a reasonable interpretation of a notice by even the least sophisticated consumer. Clomon v. Jackson, 988 F.2d 1314, 1319 (2nd Cir. 1993). Moreover, even the least sophisticated consumer "can be presumed to possess

-2-

a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Greco v. Trauner, Cohen and Thomas, L.L.P., 412 F.3d 360, 363 (2nd Cir. 2005).

### B. Defendants' Letter Did Not Misrepresent the Level of Attorney Involvement

Plaintiff contends that "Defendants' collection letter, Exhibit A to the Complaint, violated 15 U.S.C. § 1692e(3) by falsely representing that the collection letter is from an attorney, as no attorney was directly and personally involved in reviewing Ms. Quicho's file and sending the collection letter to Ms. Quicho." *Complaint*, ¶19.

To advance her claim that Defendants' letter misrepresents the level of attorney involvement, plaintiff exclusively cites cases involving letters which were signed by an attorney. See Avila v. Rubin, 84 F.3d 228 (7th Cir. 1996) (letter signed "Albert G. Rubin" under his "attorney" letterhead misrepresented the level of attorney involvement); Clomon v. Jackson, 988 F.2d 1314, 1316-17, 1320 (2nd Cir. 1993) (letter signed "P.D. JACKSON, ATTORNEY AT LAW[,] GENERAL COUNSEL[,] NCB COLLECTION SERVICES" on his law firm letterhead misrepresented the level of attorney involvement); and Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002) (letter signed "David D. Dickerson & Associates[,] By: [Facsimile signature] [,] David D. Dickerson, Esq." on his law firm letterhead misrepresented the level of attorney involvement).[2]

All of the authorities cited in support of plaintiff's claim are inapposite to the instant action because Defendants' letter was **not signed by an attorney**. Simply put, there was no attorney signature on the letter.

The decision in Greco v. Trauner, Cohn & Thomas, L.L.P., 412 F.3d 360 (2nd

---

[2] Plaintiff refers to Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002), but completely fails to cite to any law, or to provide the Court with any facts or argument based on Nielsen that would help plaintiff's case. [Opp. 6:7-11.]

1  Cir. 2005) is important because the <u>Greco</u> plaintiff made the same claim as Plaintiff
2  in the instant action, to wit: "an attorney cannot send a collection letter without being
3  meaningfully involved as an attorney within the collection process." <u>Id.</u> at 363. The
4  <u>Greco</u> plaintiff's claim was rejected because "[t]he letter was not signed by any
5  individual attorney" and included language that the law office represented the creditor
6  and that no attorney with the firm had personally reviewed the particular
7  circumstances of the account. <u>Id.</u> at 362, 365.

8      Contrary to what plaintiff suggests, the Court never required the collection
9  letter to disclaim that no attorney with the firm had personally reviewed the particular
10 circumstances of the account. The Court's holding is clear: "[O]ur prior precedents
11 demonstrate that an attorney can, in fact, send a debt collection letter without being
12 meaningfully involved as an attorney within the collection process, so long as that
13 letter includes *disclaimers*...that the law firm or attorney sending the letter **is not, at**
14 **the time of the letter's transmission, acting as an attorney.**" <u>Id.</u> at 364.
15 [emphasis added]

16     Just as in <u>Greco</u>, Defendants' letter was **not signed by an attorney**. Further,
17 the language used by Defendants does not, as a matter of law, misrepresent the level
18 of attorney involvement. **The instant notice clearly states that it is from a debt**
19 **collector, not an attorney: "This communication is from a debt collector.** This is
20 an attempt to collect a debt, and any information obtained will be used for that
21 purpose." [emphasis added] In this case, the letter clearly does not represent to have
22 been from an attorney, and thus there is no false implication that an attorney formed
23 an opinion or was meaningfully involved.

24     Finally, the Court in <u>Mizrahi v. Miller & Malone, P.C.</u> U.S. District Lexis
25 22145, 19 (E.D.N.Y 1999) held that a letter on law firm letterhead did not
26 misrepresent the level of attorney involvement even when it bore the mechanical
27 signature of an attorney:
28     "There is no language that implies that the attorney

-4-

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

personally reviews every file completely. The letter simply states that 'This office represents the client,' and this statement allows for use of legal assistance without violating § 1692e(3)."

Id. at p. 15.

It could not be more clear under Mizrahi that the instant letter did not misrepresent the level of attorney involvement. Because Defendants' letter was **not signed by an attorney** and **did not purport to be from an attorney**, there is no implication that an attorney was involved.

## III. DEFENDANTS' LETTER CLEARLY IDENTIFIED THE NAME OF THE CREDITOR

**Plaintiff's weakest argument**, by far, is that "defendant fails to identify the name of the creditor to whom the debt is owed." *Complaint,* ¶12.

The letter clearly and unequivocally identifies Chase Bank USA, N.A. as the creditor. The caption of Defendants' letter clearly states: "**Name of creditor: Chase Bank USA, N.A.**" [emphasis added] The identification of the creditor was not obscured or hidden. On the contrary, it appeared in the **caption** of the letter, which made for easy viewing by plaintiff. In fact, this is the first language plaintiff would have seen after reading her own name and address.

For purposes of reviewing a collection letter for compliance with the validation notice requirements of the FDCPA, the hypothetical unsophisticated debtor is regarded as "uninformed, naive, or trusting, but **nonetheless is considered to have a rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences**." Id., quoting Fields v. Wilber Law Firm, P.C., 383 F.3D 562, 564 (7th Cir. 2004). [emphasis added]

Further, the unsophisticated debtor standard is an objective one, meaning that "a collection letter **cannot be confusing as a matter of law or fact 'unless a**

**significant fraction of the population would be similarly misled.'"** Sims v. GC Services, L.P., 445 F.3d 959, 964 (7th Cir. 2006), quoting Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 414-15 (7th Cir. 2005).

Plaintiff strains to find issue with the first paragraph of the letter, which states: "Depending upon **your account agreement with the creditor**, interest, late charges, and other charges may continue to accrue on your account." [emphasis added] Plaintiff then strives to be simplistic by asking, "Who is the creditor with whom Plaintiff has an account agreement?" [Opp. 7:23.] The creditor is clearly identified in the caption as Chase Bank USA, N.A. Under no circumstances is Defendants' collection notice contradictory or confusing as to the name of the creditor to whom the debt is owed.

Incredibly, Plaintiff claims that the second paragraph of Defendants' letter also confused her as to the identity of the creditor. The second paragraph reads:

> "The original contract you entered into with Chase Bank USA, N.A. or with the predecessor or assignor of Chase Bank USA, N.A., provides for the resolution of claims or disputes by binding arbitration."

This language pertains to the arbitration clause, and has nothing to do with the creditor to whom the debt is owed. This language does not change or alter the fact that "Chase Bank USA, N.A." was clearly identified as the creditor at the outset of the letter. Notably, plaintiff has no response to either of these arguments in her Opposition. Further, plaintiff concedes the weakness of her claim by relegating the language at issue to a footnote. [Opp., pg. 7, fn. 1.]

## IV. DEFENDANTS NEVER THREATENED TO TAKE LEGAL ACTION

Plaintiff alleges that Defendants threatened legal action that could not be taken

in violation of 15 U.S.C. §1692e(5). *Complaint*, ¶20. Plaintiff does not, and cannot, cite to language in Defendants' letter which supports her claim.

The letter completely supports Defendants' position and provides: "If we are unable to reach satisfactory arrangements, the **filing of an arbitration claim will be evaluated**. If an arbitration award in favor of Chase Bank USA, N.A. is granted, we intend to pursue legal remedies available pursuant to the award." [emphasis added]

First, Defendants never threatened to take legal action. On the contrary, the language clearly states that Defendants "[would] evaluate" the **possibility** of filing an arbitration claim - **if and only if** Defendants were not able to resolve the debt with Plaintiff. It is further obvious that no litigation was imminent because Plaintiff was given "30 days after receiving this notice" to "dispute the validity of this debt." In other words, no litigation would be initiated unless it was determined that Defendants were unable to resolve the debt with Plaintiff.

Second, Defendants never threatened arbitration. Arbitration was merely a **possibility** that Defendants "[would] evaluate" - **if and only if** Defendants were not able to resolve the debt with Plaintiff.

In Defendants' letter, there was simply no threat - there was no threat of filing a lawsuit in general, and there was no threat of filing an arbitration claim specifically. Plaintiff's claim enjoys zero support.

V. **CONCLUSION**.

For the foregoing reasons, Defendants respectfully request that this Court issue an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint, with prejudice, for failure to state a claim upon which relief may be granted.

/ / /

/ / /

/ / /

1 | DATED: September 5, 2007      STEPHEN H. TURNER, Esq.
                                                              ALISHA M. LEE, Esq.
                                                              LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Stephen H. Turner, Esq.
Alisha M. Lee, Esq.
Attorneys for Defendants MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4817-3861-1969.1

-8-

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# CERTIFICATE OF SERVICE

*Zenaida E. Quicho vs. Mann Bracken, LLC, et al.*
U.S.D.C. Case No. CASE NO. C 07 3478 BZ

I certify that on the 5th day of September 2007, I electronically transmitted the foregoing document **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Irving L. Berg, Esq.
**THE BERG LAW GROUP**
145 Town Center, PMB 493
Corte Madera, California 94925
Ph: (415) 924-0742
Fax: (415) 891-8208
*ATTORNEYS FOR PLAINTIFF*

Susanne B. Berg, Esq.
177 Post Street, Suite 600
San Francisco, California 94108
Ph: (415) 217-0000
Fax: (415) 738-2302
*ATTORNEYS FOR PLAINTIFF*

By: /s/ Lupe Mireles

---

4817-3861-1969.1

-i-

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS