UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZENAIDA E. QUICHO, | ) | |
| Plaintiff(s), | ) | No. C07-3478 BZ |
| v. | ) | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY, | ) | |
| Defendant(s). | ) | |

    Defendants have filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]  For the reasons discussed, defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

    The plaintiff's first cause of action alleges several violations of the Fair Debt Collection Practice Act ("FDCPA"). One claim is that defendants violated 15 U.S.C. § 1692e(3) by falsely representing in a collection letter received by plaintiff that attorneys were directly or personally involved

---

[1] All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1  in reviewing plaintiff's file.[2]  In moving to dismiss,
2  defendants argue that because an attorney did not sign the
3  letter and because the letter states that it is from a debt
4  collector, the "least sophisticated consumer" would not
5  misperceive the level of attorney involvement.[3]
6      To determine if the FDCPA has been violated, the language
7  of the letter is judged by the "least sophisticated debtor"
8  standard.  Swanson v. Southern Oregon Credit Service, Inc.,
9  869 F.2d 1222 (9th Cir. 1988).  I cannot say as a matter of
10 law that the letter here, printed on defendants' letterhead
11 identifying defendants as "ATTORNEYS AT LAW," and signed by
12 "MANN BRACKEN, LLC", could not be perceived as constituting
13 the work of an attorney, especially when there is no
14 disclaimer indicating otherwise.  See Greco v. Trauner, Cohen
15 & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005); see also
16 Dupuy v. Waltman, Wienberg & Reis Co., 442 F. Supp. 2d 822,
17 825 (N.D. Cal. 2006).  The second paragraph of the letter
18 lists the numerous jurisdictions where "this firm" practices

---

[2]  A copy of the collection letter was attached to the complaint and is attached to this order.

[3]  A motion to dismiss under Rule 12(b)(6) should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true.  Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994); see also Mitan v. Feeney, 2007 WL 2068106, at *9 (C.D. Cal.) (discussing the post-Twombly standard).  In resolving a 12(b)(6) motion, a court may consider materials attached by plaintiff to his pleadings.  See Canlas v. Eskanos & Adler, P.C., 2005 WL 1630014 at *2 (N.D. Cal.) (citing Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1997)).

2

1  law, and states that the sender "intend[s] to pursue legal
2  remedies".  Although the letter states that it is from a "debt
3  collector," that statement does not rule out the possibility
4  that the letter is from an attorney, as attorneys can be debt
5  collectors.  See, e.g., Greco, 412 F.3d at 364; Dupuy, 442 F.
6  Supp. at 825.  For these reasons, defendants' motion is **DENIED**
7  as to this claim.[4]

8  Plaintiff also asserts that the letter does not clearly
9  state the creditor's name, violating 15 U.S.C. §§ 1692e,
10 1692e(10) and 1692g, because the statement that the "original
11 contract you entered into with Chase Bank USA N.A. or with the
12 predecessor or assignor of Chase Bank USA N.A." would confuse
13 the least sophisticated debtor as to whether the debt is held
14 by Chase Bank USA, N.A., or some other creditor.  Defendants
15 argue that the name of the creditor is clearly identified in
16 the caption of the letter and is not overshadowed or
17 contradicted by the second paragraph because the "original
18 contract" is only relevant to the legal rights included in the
19 contract, not to the identification of the creditor.

20 I find that the creditor's name is clearly stated in the
21 letter next to the caption "Name of Creditor".  Although the
22 beginning of the second paragraph states that another party

---

[4] Plaintiff's second cause of action is brought under the Robbins-Rosenthal Fair Debt Collection Practices Act ("RR FDCPA"), Cal. Civ. Code § 1788.13(c), which prohibits the misrepresentation of attorney involvement in debt collection letters.  At hearing, the parties agreed that a violation of the FDCPA would amount to a violation of the RR FDCPA.  See Dupuy, 442 F. Supp. 2d at 824.  Thus, the state claim survives to the extent the federal claim survives.

3

may have been the contracting party, this party is not identified as the "creditor," but only as a party who the debtor may have contracted with initially. Thus, the second paragraph is not relevant to the identification of the current creditor and does not contradict the plain fact that Chase Bank, USA, N.A. is identified as the creditor. Cf. Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300-301 (E.D.N.Y. 2005) (identifying the creditor, but also indicating that the creditor could be some other entity). The identification is sufficiently clear and, as a matter of law, does not violate §§ 1692e, 1692e(10) or 1692g. For these reasons, defendants' motion as to this claim is **GRANTED.**

Plaintiff further claims defendants violated 15 U.S.C. § 1692e(5) because they threatened arbitration when they could not legally do so. To find a violation of § 1692e(5), I must determine "(1) whether the debt collector threatened legal action, and, if so, (2) whether such action could legally be taken or whether the debt collector intended to take such action." Irwin v. Mascott, 112 F. Supp. 2d 937, 950 (N.D. Cal 2000) (quoting Newman v. Checkrite, 912 F. Supp. 1354, 1379 (E.D. Cal. 1995)). Here, the letter states: "If we are unable to reach satisfactory arrangements, the filing of an arbitration claim will be evaluated." The text goes on to make clear that legal action may follow in order to enforce any arbitration award. Defendants claim this language merely informed the debtor of the "possibility" of filing for arbitration and included no imminent threat of legal action. The Ninth Circuit, however, has explained that the

1 language of a debt collection letter can constitute a threat
2 when it "create(s) the impression that legal action by
3 defendant is a real possibility." Baker v. G. C. Services
4 Corp., 677 F.2d 775, 779 (9th Cir. 1982). Thus, "an explicit
5 statement or threat of legal action" is not required to
6 establish a violation of § 1692e(5). See Kreek v. Phycom
7 Corp., 2007 WL 1229315 at *4 (N.D. Cal.) (analyzing a letter
8 stating: "if you do not telephone, the Physician will
9 *consider using* a collection agency or civil action to pursue
10 the debt.") (emphasis added); see also Palmer v. Stassinos,
11 348 F. Supp. 2d 1070, 1085 (N.D. Cal. 2004) (analyzing a
12 letter stating: "Failure [to remit payment in full] ... *may*
13 *necessitate* using other remedies to collect.") (emphasis
14 added).

15     The defendants here have used prospective language
16 similar to that found threatening in Kreek and Palmer,
17 including a clear threat to enforce any arbitral award. For
18 the least sophisticated debtor, the letter could be viewed as
19 conveying a "real possibility" of legal action. I cannot say
20 as a matter of law that the text does not constitute a threat
21 under § 1692e(5).[5] Therefore, defendants' motion is **DENIED** as
22 to this claim.

---

[5] Whether defendants could legally file an arbitration claim or intended to do so is not ripe for adjudication, as neither party has introduced evidence on the issue and because such evidence would, in any event, require me to rely on facts outside of the pleadings. It is sufficient to note that plaintiff includes in the complaint an allegation that defendants' threatened actions are not legally permissible. See Compl. ¶¶ 13, 15, 20. Thus, plaintiff's allegation that defendants also violated § 1692e(2)(A) by falsely claiming the ability to seek arbitration must also survive at this time.

5

1   It is therefore **ORDERED** that defendants' motion is
2   **GRANTED** as to the claimed violations of §§ 1692e, 1692e(10),
3   and 1692g premised on the theory that the collection letter
4   did not clearly identify the creditor.  Defendants' motion is
5   **DENIED** as to the remainder of plaintiff's claims.
6   Dated:   September 24, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\QUICHO\MOTION.TO.DISMISS.wpd

6