| | |
|---|---|
| Irving L. Berg (SBN 36273)<br>THE BERG LAW GROUP<br>145 Town Center, PMB 493<br>   Corte Madera, California 94925<br>(415) 924-0742<br>(415) 891-8208 (Fax)<br>irvberg@comcast.net (e-mail)<br>ATTORNEY FOR PLAINTIFF | Stephen H. Turner, SBN 89627<br>Alisha M. Lee, SBN 219808<br>LEWIS BRISBOIS BISGAARD & SMITH<br>221 North Figueroa Street, Suite 1200<br>Los Angeles, California 90012<br>turner@lbbslaw.com; alee@lbbslaw.com<br>Ph: (213) 250-1800; Fax: (213) 250-7900<br>ATTORNEY FOR DEFENDANTS |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZENAIDA E. QUICHO, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>    Defendants.<br>_____ / | Case No. C 07 3478 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    October 29, 2007<br>Time:    4:00 p.m.<br>Dept:    Courtroom G<br>Judge:  Hon. Bernard Zimmerman,<br>           Magistrate Judge |

      The parties, by their attorneys, file their Joint Case Management Statement addressing all of the topics set forth in the Standing Orders of All Judges of the Northern District of California.

      1.    <u>Jurisdiction and Service</u>.  This Court's jurisdiction is based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Supplemental jurisdiction over the state law claims is based on 28 U.S.C. § 1367.

      There are no issues regarding personal jurisdiction or venue.

      At this time, Plaintiff is not aware of any additional parties to be served, but asks that the time for service remain open until the completion of discovery.

      2.          <u>Facts</u>.  Ms. Quicho received a form collection letter, <u>Exhibit A</u> to the Complaint, which represented that the letter was from attorneys Mann, Bracken, LLC.  Plaintiff challenges the practice of Defendants' sending a collection letter as being from an attorney, when no attorney had a meaningful or professional involvement in reviewing Ms. Quicho's file or

sending the collection letter.

The collection letter, Exhibit A, also threatened that Defendants would arbitrate Plaintiff's claim, though it was the threat of an action that could not legally be taken.

On August 25, 2007, Defendants filed a 12(b)(6) motion that was heard on September 19, 2007.

On September 25, 2007, the Court made its order denying Defendants' motion as to the aforesaid Plaintiff's allegations.

The Defendants have not answered the Complaint, though, pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, an answer was due 10 days after notice of the Order of September 25, 2007, granting in part and denying in part Defendants' Motion To Dismiss. The Order was posted on the Civil Docket for this case on September 25, 2007, with corresponding email notices to the parties. No Notice of Appeal having been posted, the Answer to the remaining allegations in the Complaint was due October 5, 2007, plus 3 days for mail, or October 8, 2007.

Defendants' Answer to the Complaint will be filed on October 22, 2007. Defendants deny any violation of the federal Fair Debt Collection Practices Act or the California Rosenthal Act. Defendants at all times acted properly and within the standards set forth in the FDCPA and Rosenthal Act.

3. Legal Issues. Issues are (a) whether the collection letter, Exhibit A, viewed from the perspective of the lest sophisticated consumer, is from an attorney; and (b) whether the language in the letter stating "If we [Mann, Bracken] are unable to reach satisfactory arrangements, the filing of an arbitration claim will be evaluated," constitutes a threat which creates the impression to the least sophisticated consumer that the threatened action is a real possibility.

Plaintiff believes that these issues are resolved in the affirmative, as the Court has so stated in its Order of September 25, 2007.

Defendants contend that each file is carefully reviewed by attorneys before the collection letter is sent out. Defendants further contend that the contract upon which the debt was owed

contains an arbitration clause. Finally, Defendants question whether this case is appropriate for class certification.

  4. <u>Motions</u>. Plaintiff will move for class certification within the next several days. Defendants will move for summary judgment on the grounds that each file is carefully reviewed by attorneys before the collection letter is sent out, and that the contract upon which the debt was owed contains an arbitration clause.

  5. <u>Amendment of Pleadings</u>. Plaintiff at this time does not anticipate amending the Complaint. Plaintiff asks that the deadline for amendment be set at the completion of discovery.

  6. <u>Evidence Preservation</u>. Plaintiff asks that the Court issue an evidence preservation order.

  7. <u>Disclosures</u>. Plaintiff has complied with the initial disclosure requirements. Defendants' initial disclosures will be completed on October 22, 2007, consistent with the Court's Order Setting Initial Case Management Conference and ADR Deadlines.

  8. <u>Discovery</u>. Plaintiff has propounded her first set of discovery requests to Defendants on September 27, 2007. Plaintiff anticipates a second round of discovery in connection with fine-tuning net worth and numerosity issues. Defendants will serve plaintiff with discovery requests and will take plaintiff's deposition.

  9. <u>Class actions</u>.

  (a) The class action is maintainable under Paragraphs 2 and 3 of the Federal Rules of Civil Procedure.

  (b) The class is all California consumers who received the collection letter, attached as <u>Exhibit A</u> to the Complaint, within the one year immediately preceding the filing of the Complaint.

  (c) Plaintiff is entitled to maintain the action under Fed. R. Civ. Proc. 23(a), as (i) the class is so numerous that joining all of the members would be impracticable, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative party is typical of the class members, and (iv) the representative party will fairly and adequately protect the interests of the class.

    (d) The proposed date for the Court to consider whether the case can be maintained as a class action is December 19, 2007.

    10. <u>Related cases</u>. Plaintiff is not aware of any related cases. Neither are Defendants.

    11. <u>Relief</u>. Plaintiff seeks statutory damages of $2,000 and relief for the Class, the lesser of a sum not to exceed 1% of Defendants' net worth, or $1,000,000.

    12. <u>Settlement and ADR</u>. Informal settlement discussions thus far have been unsuccessful. The parties have agreed to mediation under ADR auspices. Key discovery revolves around numerosity and net worth issues.

    13. <u>Consent to magistrate judge for all purposes</u>. The parties have filed their consent to have this matter heard by the magistrate judge for all purposes.

    14. <u>Other references</u>. Plaintiff declines references other than mediation under the ADR.

    15. <u>Narrowing of Issues</u>. Plaintiff believes the issues can be narrowed by stipulation to class certification.

    16. <u>Expedited schedule</u>. This case is not amenable to handling on an expedited basis.

    17. <u>Scheduling</u>. The parties propose that the discovery cut-off be June 1, 2008, that the date for designation of experts be May 1, 2008, that the date for hearing summary judgment motions be the week of August 1, 2008, and that the trial date be after September 1, 2008.

    18. <u>Trial</u>. The trial will be a court trial, and the length of trial is expected to be 3-4 days.

    19. <u>Disclosures of non-party, interested entities or persons</u>. Plaintiff has no disclosures to make. Defendants' Certificate of Non-Interested Parties will be filed on October 22, 2007.

    20. <u>Other matters</u>. The parties have no other matters to disclose at this time.

/ / /

/ / /

/ / /

/ / /

Respectfully submitted,

Dated: 10/20/07

\_\_\_/s/_____
Irving L. Berg
The Berg Law Group
Attorney for Plaintiffs

Dated: 10/19/07

\_\_\_/s/_____
Stephen H. Turner
Alisha M. Lee
Lewis, Brisbois, Bisgaard & Smith
Attorneys for Defendants