Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZENAIDA E. QUICHO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>Defendants.<br>_____/ | Case No.  C 07 3478 BZ<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:      December 19, 2007<br>Time:     10:00 a.m.<br>Place:    450 Golden Gate Avenue<br>           San Francisco, CA<br>Dept:    Courtroom G-15th Floor<br>Judge:  Hon. Bernard Zimmerman, Magistrate Judge |

## I.     NATURE OF THE CASE

Plaintiff Zenaida Quicho brings this case as a class action against Defendants Mann Bracken, LLC; Doug Mann; and Edward Reilly for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA").  The FDCPA prohibits debt collectors from engaging in abusive, deceptive, or unfair collection practices.

The Plaintiff requests that the Court certify a class in this action defined as: (i) all persons with addresses in the State of California (ii) to whom letters in the form of Exhibit A (attached to the Complaint) were sent (iii) by Mann Bracken, LLC; Doug Mann; and Edward Reilly (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) which were not returned as undelivered by the Post Office, and were sent within one year preceding the filing of the herein Complaint..

Defendants' form collection letter, Exhibit A, violated the FDCPA as follows: The letter represented that it was sent by an attorney, although no attorney had a meaningful professional involvement in sending the letter, thereby violating 15 U.S.C. §§ 1692e(2)(a), 1692e, and 1692e(10). Further, Defendants represented that it would arbitrate the claim, though Defendants lacked knowledge of its arbitration rights, thereby violating 15 U.S.C. §§ 1692e and 1692e(5).

This Memorandum is submitted in support of Plaintiff's Motion for Class Certification.

## II. PLAINTIFF'S CLAIMS

In her Class Action Complaint, Zenaida Quicho alleges that Defendants' policy and practice is or was to send collection letters which violate the FDCPA, in the form of Exhibit A, to individual residents of the state of California. The letter implies a real attorney, acting like a lawyer, directly controlled or supervised the process through which the letter was sent. *Clomon v. Jackson*, 998 F.2d 1314, 1320 (2d. Cir. 1993); *Avila v. Rubin*, 84 F.3d 228 (7th Cir. 1996). Likewise, the language of the debt collection letter constituted a threat when it "create[d] the impression that legal action [i.e., arbitration] by defendant is a real possibility . . . ." *Baker v. G. C. Services*, 677 F.2d 775, 779 (9th Cir. 1982).

## III. STANDARD FOR CLASS CERTIFICATION

In order for a class to be certified all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case." *Wilborn v. Dun & Bradstreet Corp., 180 F.R.D. 347, 349 (N.D.Ill. 1998). Also, see* Blackie v. Barrack, 524 F.2d 891, 901 n. 16 (9th Cir. 1975).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and (b) for FDCPA class action cases. See: *Keele v. Wexler,* supra; *Cheqnet Systems, Inc. v. Montgomery*, 911 S.W.2d 956 (Ark. 1995); *Connor v. Automated Accounts, Inc.*, 2001 U.S. Dist. LEXIS 10458 (E.D.Wash., July 18, 2001); *Campion v. Credit Bureau Servs.*, 2001 U.S. Dist. LEXIS 3588

(E.D.Wash., March 16, 2001); *Littledove v. JBC & Assocs.*, 2001 U.S. Dist. LEXIS 139, *12 (E.D.Cal., Jan. 11, 2001); *Brink v. First Credit Resources*, 185 F.R.D. 567 (D. Ariz. 1999); *Irwin v. Mascott*, 186 F.Supp.2d 567 (N.D.Cal. 1999); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Duran v. Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D.Ariz. 1982).

## IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION.

### A. RULE 23(a)(1) - NUMEROSITY

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977). However, "impracticability does not mean impossibility." *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913 (9th Cir. 1964); see also *Rabidoux v. Celani,* 987 F.2d 931, 935 (2d Cir. 1993). "When the class is large, numbers alone are dispositive ...." *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D.Il1. 1986). Where the class numbers 25 or more, joinder is usually impracticable. *Cypress v. Newport News General & Nonsectarian Hosp. Assn,* 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Armstead v.* Ping*ree*, 629 F.Supp. 273, 279 (M.D.Fla. 1986) (25 sufficient); *Beasley v. Blatt,* 1994 WL 362185 (N.D.Ill. 1994)(24 sufficient); *Swanson v. American Consumer Industries,* 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Riordan v. Smith Barney,* supra , 113 F.R.D. 60, 62 (N.D.Il1. 1986) (10-29 sufficient); *Sala v. National Railroad Passenger r Corp.,* 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 184 (N.D.Ill. 1992) (about 70). "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic  Beverages Litigation, 95* F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross,* 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination ... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

1     Here, the class is so numerous that joinder of all members is impractical. Here the Court must assume numerosity. Defendants' website shows that it has 5 offices in the United States: Charlotte, North Carolina; Nashville, Tennessee; Dallas, Texas; Vienna, Virginia; and its main office in Atlanta, Georgia. The website states that it represents all major credit cards in debt collection. Common sense tells us that Defendant sends more than 40 collection letters such as Exhibit A to California residents during the year immediately preceding the filing of Plaintiff's Complaint.

Thus, Ms. Quicho has satisfied the numerosity requirement of Rule 23(a)(1).

### B.    RULE 23(a)(2) - COMMONALITY

Rule 23(a)(2) requires that there be a common question of law or fact. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). Where the defendant has engaged in standardized conduct towards members on the proposed class mailing to them allegedly illegal form letters or documents commonality requirement is met. "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters of documents". *Keele v. Wexler,* 149 F. 3d 589, 594 (7th Cir. 1998) (citations omitted).

Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *Hanlon v. Chrysler Corp.,* 150 F. 3d 1011, 1019 (9th Cir. 1998); *Baby Neal or and by Kanter v. Casey,* 43 F.3d 48, 56-57 (3d Cir. 1994). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984).

There are common questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. All class members received Exhibit A (attached to the complaint). As explained in Section II herein, the principal issues are whether defendants' initial collection letter violated the FDCPA.

1    In her Class Action Complaint, Zenaida Quicho alleges that Defendants' policy and
2 practice is or was to send collection letters which violate the FDCPA, in the form of Exhibit A,
3 to individual residents of the state of California. The letter from an attorney implies a real
4 attorney, acting like a lawyer, directly controlled or supervised the process through which the
5 letter was sent. Such was not the practice with the letters sent to the class. Also, the collection
6 letter created the impression that legal action, i.e., arbitration, was a real possibility.

7    "To establish commonality, it is sufficient that Plaintiff allege that all class members
8 received the same collection letter." *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 668 (M.D. Fla.
9 1999). FDCPA claims based on standard language in documents or standard practices are well
10 suited for class certification. *Keele v. Wexler,* 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru*
11 *Credit Corp.,* 109 F.3d 338 (7th Cir. 1997); *Chegnet Systems, Inc. V. Montgomery,* 911 S.W.2d
12 956 (Ark. 1995).

13    It is also important to note that there are no questions in this case concerning the validity
14 of the underlying debt. *Baker v. G. C. Services Corp.,* 677 F.2d 775 (9th Cir. 1982) (FDCPA
15 action was not contingent on the validity of the underlying debt); *McCarthy v. First City Bank,*
16 970 F.2d. 45 (5th Cir. 1992) (same).

17    Thus, Ms. Quicho has satisfied the commonality requirement of Rule 23(a)(2).

18    **C.    RULE 23(a)(3) - TYPICALITY**

19    The Rule requires that the claims of the named plaintiffs be typical of the claims of the
20 class. *Hanlon v. Chrysler Corp.,* 150 F.3d. 1011 (9th Cir. 1998).

> A plaintiffs claim is typical if it arises from the same event or
> practice or course of conduct that gives rise to the claims of other
> class members and his or her claims are based on the same legal
> theory. The typicality requirement may be satisfied even if there
> are factual distinctions between the claims of the named plaintiffs
> and those of other class members. Thus, similarity of legal theory
> may control even in the face of differences of fact.

25 *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted);
26 *See also, Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir. 1985); *Rossini v. Ogilv y &*
27 *Mather, Inc.,* 798 F.2d 590, 598-600 (2d Cir. 1986); *Kornburg, 741* F.2d at 1337. *Rosario v.*
28 *Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992); *Keele v. Wexler,* supra at 595.

In the instant case, typicality is inherent in the class definition, i.e., each of the class members received the same letter as Ms. Quicho, and was subjected to the same violations of the FDCPA as Ms. Quicho.

Thus, Ms. Quicho has satisfied the typicality requirement of Rule 23(a)(3).

### D.   RULE 23(a)(4) -- ADEQUACY OF REPRESENTATION

The rule also requires that the named plaintiffs provide fair and adequate protection for the interests of the class. *Epstein v. MCA, Inc.,* 179 F.3d. 641 (9th Cir. 1999). That protection involves two factors: (1) whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiffs have interests antagonistic to those of the class. *Lerwill v. In/light Motion Pictures, Inc.,* 582 F. 2d 507, 512 (9th Cir 1978); *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992).

Ms. Quicho understands her responsibilities as class representative. She is represented by experienced counsel whose qualifications are set forth in Declaration of Irving L. Berg, attached hereto as Appendix A.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Ms. Quicho and the class members seek statutory damages as well as declaratory relief as the result of defendants' unlawful collection notices. Given the identical nature of the claims between Ms. Quicho and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

Thus, Ms. Quicho has satisfied the representativeness requirement of Rule 23(a)(4).

### E.   RULE 23(b)(3) — COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Hanlon v. Chrysler Corp.,* supra at 1019. This criterion is normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227 (9th Cir. 1996). In this case, the "common nucleus of

operative fact," is that all class members, by definition, were subjected to defendants' policy of sending collection letters which violate the FDCPA, in the form of <u>Exhibit A</u>, to individual residents of the state of California. The letter from an attorney implies a real attorney, acting like a lawyer, directly controlled or supervised the process through which the letter was sent. Such was not the practice with the letters sent to the class. Also, the collection letter created the impression that legal action, i.e., arbitration, was a real possibility.

Cases dealing with the legality of standardized documents and practices, are generally appropriate for resolution by class action because the document is the focal point of the analysis. See *Littledove v. JBC & Assocs.,* supra; *Ballard v. Egui ax Check Services, Inc.,* 186 F.R.D. 589 (E.D.Cal. 1999); *Irwin v. Mascott,* 186 F.R.D. *567* (N.D.Cal. 1999).

Because of the standardized nature of defendants' conduct, common questions predominate. "Predominance is a test readily met in certain cases alleging consumer. . . fraud...." *Amchem Prods. v. Windsor,* supra at 624. The only individual issue is the identification of the consumers who were subjected to defendants' practice and policy of sending <u>Exhibit A</u> in an attempt to collect a debt. This is a matter capable of ministerial determination from the defendants' records. This is not the kind of problem that is a barrier to class certification.

In this case, it is clear that both the class's factual issues and the issues of law predominate over any individual questions.

### F. RULE 23(b)(3) - CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY.

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Gete v. I.N.S.,* 121 F.3d 1285 (9th Cir. 1997). The Court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Ballard v. Equifax Check Services, Inc.,* 186 F.R.D. 589, 600 (E.D.Cal. 1999) (citations omitted). It is proper for a court, in deciding the "best" available method, to consider the "... inability of the poor or uninformed to enforce their rights, and the improbability that large

numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to defendant's practice. *Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397 (D.N.J. 1990). Class actions are a more efficient and consistent means of trying the legality of a collection letter. *Irwin v. Mascott,* 186 F.Supp.2d 567 (N.D.Cal. 1999); *Ballard v. Equifax Check Services, Inc.,* 186 F.Supp. 589 (E.D.Cal. 1999); *Brink v. First Credit Resources,* 185 F.R.D. 567 (D.Ariz. 1999).

The efficacy of consumer class actions is recognized particularly where the individual's claim is small.

> In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement... Thus, many claims could not be successfully asserted individually. Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs. In most cases, litigation costs would dwarf potential recovery. In this sense, the proposed class action is paradigmatic. A fair examination of alternatives can only result in the apodictic conclusion that a class action is the clearly preferred procedure in this case.

*Hanlon v. Chrysler Corp.*, supra at 1023.

> Moreover, the alternative to a class action, individual claims, would not be economical for the potential plaintiffs. Defendant indicates, in its supplemental memorandum, that it only mailed certificates to people with outstanding balances ranging from $151 to $5,000. Although plaintiffs maintaining individual actions may request statutory damages of $1,000 plus actual damages, litigation costs would dwarf the potential recovery that the vast majority of individuals could obtain. For reasons of both efficiency and economy, a class action is the superior means of resolving the potential plaintiff's claims.

*Brink v. First Credit Resources,* supra at 572 (citations omitted). "[T]he size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually." *Ballard v. Equifax Check Services, Inc.,* supra at 600 (citations omitted).

Class certification of a FDCPA damage action will provide an efficient and appropriate resolution of the controversy. *See Irwin v. Mascott,* supra; *Ballard v. Equifax Check Services, Inc. ,* supra; *Brink v. First Credit Resources,* supra. As the court in *Sledge v. Sands,* 182 F.R.D.

255, 259 (N.D.Ill. 1998), stated

> The predominate legal issue is whether these letters violate the FDCPA. Additionally, a class action is the superior form of adjudication for this case. Many plaintiffs may not know their rights are being violated, may not have a monetary incentive to individually litigate their rights, and may be unable to hire competent counsel to protect their rights. A class action is judicially efficient in lieu of clogging the courts with thousands of individual suits. The FDCPA itself recognizes the propriety of class actions by providing special damages sections for class action cases. 15 U.S.C. § § 1692a & b.

Thus, certification of this action is the superior method to resolve the controversy presented here.

### G. AS EQUITABLE RELIEF IS SOUGHT, CLASS CERTIFICATION PURSUANT TO RULE 23 (b)(2) IS ALSO APPROPRIATE.

Pursuant to Rule 23(b)(2), Ms. Quicho requests equitable relief on behalf of the class declaring that defendants' practices are violative of the FDCPA. Rule 23(b)(2) states:

> An action may be certified as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; . . .

See *Swanson v. Mid Am, Inc., supra* at 668-69; *Borcherding Dittloff v. Transworld Systems, Inc.,* supra *at* 558; *Young v. Meyer & Nius, P.A.,* 183 F.R.D. 231, *234-35* (N.D.Ill. 1998); *Blum v. Fisher & Fisher, P.C.,* 1997 U.S. Dist. LEXIS 11508 (N.D.Ill., July 29, 1997); *Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313, 319-322 (N.D. Ill. 1995).

The declaratory relief sought by this action would declare defendants' use of the <u>Exhibit A</u> to be illegal. Defendants have acted on grounds uniform to the class and the named plaintiff, *i.e.* -- letters containing the same language were sent to each member of the class. Thus, declaratory relief is appropriate for the class as a whole.

In *Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313, 319-322 (N.D.Ill. 1995), the court certified a class in an FDCPA action for declaratory relief. Entry of a declaratory judgment is favored "(1) when the judgment will serve a useful purpose in clarifying and settling

the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 320, quoting E. Borchard, *DECLARATORY JUDGMENTS 299* (2d ed. 1941). The remedy would be easily determined. "If [the consumer] prevails on the issue of liability, statutory damages would flow directly from the declaratory judgment and are readily calculable on a classwide basis." *Id.* at 321. Statutory damages are sought here. The remedy is readily determined. Statutory damages are calculated as $500,000 or 1% of the net worth of each of the defendants, whichever is less. 15 U.S.C. § 1692k(a).

In *Swanson v. Mid Am, Inc.,* supra at 668-69, the court stated: "Under Rule 23(b)(2), Plaintiff must demonstrate that Defendants have acted on grounds generally applicable to the class making final injunctive relief appropriate." Considering whether the claim for statutory damages predominated over equitable relief, the court concluded: "In this case, Plaintiffs damages, and those of the putative class, all flow directly from the notice sent by Defendants. As such, it appears that monetary damages do not predominate over declaratory relief." *Id.* at 669. The court, thus, certified a Rule 23(b)(2) class action in the FDCPA case.

In some class actions certified pursuant to Rule 23(b)(2), *a cy pres* remedy has been found to be appropriate. *Gammon v. GC Services Ltd. Partnership,* supra at 321. *A cypres* distribution provides a fluid recovery which has been endorsed in similar circumstances. *Six Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301 (9th Cir. 1990); *Simer v. Rios,* 661 F.2d 655, 675 (7th Cir. 1981); *West Virginia v. Chas. Pfizer & Co.,* 314 F.Supp. 710 (S.D.N.Y. 1970), aff'd. 440 F.2d 1079 (2d Cir. 1971); *State of California v. Levi Strauss & Co.,* 41 Cal.3d 460, 224 Cal.Rptr. 605, 715 P.2d 564 (1986).

Thus, Ms. Quicho has also satisfied the criteria for class certification pursuant to Rule 23(b)(2).

### H. A HYBRID CLASS COMBINING RELIEF UNDER RULE 23(b)(2) AND (b)(3) IS ALSO APPROPRIATE.

Hybrid class actions combining the elements of Rule 23(b)(2) and (b)(3) have been certified where the best interests of the class members are served. *Simon v. World Omni Leasing,*

1  *Inc.,* 146 F.R.D. 197, 202-203 (S.D.Ala. 1992). In *Cox v. American Cast Iron Pipe Co.,* 784
2  F.2d 1546 (11th Cir. 1986), the Eleventh Circuit held that a hybrid class consists of two stages. In
3  Stage I, the Court resolves the issue of liability under the procedures of Rule 23(b)(2), and the
4  issue of damages is resolved in Stage II using the "opt out" procedures established for Rule
5  23(b)(3) actions. This Court has approved a hybrid class action in *Diaz v. Hillsborough County*
6  *Hosp. Auth.,* 165 F.R.D. 689, 694-95 (M.D.Fla. 1996).

7  In this action equitable relief as well as actual and statutory damages are sought for the
8  class members. Thus, the combination of Rule 23(b)(2) for declaratory relief and Rule 23(b)(3)
9  for monetary damages is appropriate. *Littledove v. JBC & Assocs.,* supra at * 13-* 17; *Ballard*
10 *v. Equifax Check Services, Inc.,* supra at 596 and *600; Irvin v. Mascott,* supra at 981. This
11 action may be maintained as a hybrid class action combining the elements of Rule 23(b)(2) and
12 (3).

13 **V.     CONCLUSION**
14 The proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(3) and (b)(2).
15 Zenaida Quicho respectfully requests that the Court certify this action as a class action.

17 Dated:     10/23/07                                   Respectfully submitted,

19                                                         /s/
                                                         Irving L. Berg
20                                                       THE BERG LAW GROUP
                                                         Attorney for Plaintiff