Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZENAIDA E. QUICHO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>Defendants.<br>_____/ | Case No.  C 07 3478 BZ<br><br>**BRIEF IN SUPPORT OF ORDER APPROVING SETTLEMENT WITH PREJUDICE AS TO PLAINTIFF AND WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS**<br><br>Date:     December 19, 2007<br>Time:    10:00 a.m.<br>Place:    450 Golden Gate Avenue<br>             San Francisco, CA<br>Dept:     Courtroom G-15th Floor<br>Judge:    Hon. Bernard Zimmerman,<br>             Magistrate Judge |

Pursuant to the Court's order of November 21, 2007 (Docket No. 27), Plaintiff's counsel submits the following:

**I.    INTRODUCTION**

The lawsuit concerns a collection letter dated May 7, 2007, sent by Defendant Mann Bracken to Plaintiff, that is alleged to violate the FDCPA and the CA FDCPA.  The lawsuit was filed on July 3, 2007.

On August 17, 2007, Defendant responded to the Complaint with a 12(b)(6) motion (Doc #4).  On August 25, 2007, Plaintiff filed a memorandum in opposition to the motion to dismiss (Doc. #7).  The Court, on September 25, 2007, made its order granting in part and denying in part Defendant's 12(b)(6) motion.  While these court proceedings were ongoing, Plaintiff had served

1  her First Set of Discovery, Initial Disclosures, and 26(f) statement, and stipulated to mediation.

2      The parties filed a stipulation for dismissal on November 15, 2007 (Doc. #26).

3      On November 21, 2007, this court ordered the parties to file briefs in support of
approving the settlement and ordering the dismissal, addressing the issues set forth in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)(Doc #27).

    Plaintiff responds as set forth hereafter.

    The parties further petition the Court to approve the stipulation of dismissal, as the 2003 amendment to the Fed. Rules of Civ. Proc. 23(e)(1)(A) requires court approval only where a class has been certified. Such is not the case here.

## II.  ARGUMENT

### A.  THERE IS NO PUBLICITY OF THIS ACTION ON WHICH A CLASS MEMBER WOULD HAVE RELIED TO THEIR PREJUDICE.

    There is no likelihood of any putative class member having relied on this lawsuit, and therefore abstaining from filing a separate suit or intervening in the present action as a representative.

    In considering the need for pre-certification notice to class members, it has been stated that:

> [A]ny reliance produced by a filing arises as a consequence of such person [class member] learning of the action through the news media or some other secondary source. The danger of reliance is thus generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety. Also, reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegations. [Quoted in *Larkin General Hospital, Ltd. v. American Telephone & Telegraph Co.*, 93 F.R.D. 497, 501 (E.P. Pen 1982)]

    This case has not received any news coverage and is not believed to be known to those familiar with class actions.

### B. THERE IS SUFFICIENT TIME FOR CLASS MEMBERS TO FILE OTHER ACTIONS.

Class members are not prejudiced by a settlement by Plaintiff. The commencement of a class action tolls the applicable statute of limitations as to all members of the purported class until the class is dismissed. See *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 561, 38 L.Ed.2d 713, 94 S.Ct. 756 (1974). See *Pearson v. Ecological Science Corp.*, 522 F.2d 171, 178 (5th Cir. 1975), rehearing denied, 525 F.2d 1407, cert. denied sub nom. *Skydell v. Ecological Science Corp.*, 425 U.S. 912, 47 L.Ed. 2d 762, 96 S.Ct. 1508(1976).

The challenged collection letter was dated May 7, 2007. The herein lawsuit was filed on July 3, 2007. The one-year statute of limitations would have been tolled during the approximately five-month period from July 3, 2007, through November 15, 2007, thus extending the time for a putative class member to bring an action on the challenged collection letter.

### C. THE SETTLEMENT OF THE CASE AS TO THE CLASS REPRESENTATIVE DOES NOT INVOLVE ANY CONCESSION OF CLASS INTERESTS.

The dismissal as to the class is without prejudice, and is not *res judicata* as to their claims. The settlement is not binding on the class.

In *Diaz*, supra, the Court stated three reasons for notice of the pre-certification dismissal:

First, it protects a defendant by preventing a plaintiff from appending class allegations to extract a more favorable settlement on claims it never intended to litigate. The facts are otherwise. The case herein has been vigorously litigated, with partial success in defending against Defendant's 12(b)(6) motion (Doc #11).

The Complaint raised valid issues, and was not the product of "boiler plate" claims or frivolous claims.

Second, there is no showing that the individual settlement with Plaintiff will reduce Defendants' funds to pay a class-wide settlement.

Third, since the case filing was not reported in the media or otherwise known to class members, the class members are not prejudiced by the dismissal, particularly since the time to file suit is extended.

**D.    THE COURT IS NOT REQUIRED TO APPROVE A SETTLEMENT IN WHICH A CLASS IS NOT CERTIFIED.**

The settlement with an individual plaintiff, where a class has not been certified, does not require Court approval.

The Court's duty to approve settlements relates to certified classes. Fed. Rules of Civ. Proc. 23(e)(1)A states:

> (1)(A)  The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.

The advisory Commission notes to the 2003 amendment to the Fed. Rules of Civ. Proc. states:

> The new rule <u>requires approval only if</u> the claims, issues, or defenses of a <u>certified class</u> are resolved by a settlement, voluntary dismissal, or compromise. [Emphasis added.]

The above amendment appears to resolve the division among the circuits as to the application of Rule 23e to pre-certification settlements. Additionally, to the extent that *Diaz* applies, Plaintiff believes the settlement is appropriate.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff asks that the Court approve the settlement and vacate the hearing set for December 19, 2007.

Dated: <u>December 1, 2007</u>          Respectfully submitted,

          <u>       /s/                                    </u>
          Irving L. Berg
          THE BERG LAW GROUP
          Attorney for Plaintiff